CARMELO BERRÍOS RIVERA, Petitioner, *v.* DISTRICT COURT
OF SAN JUAN, Respondent.

No. 756. Argued June 3, 1931.—Decided June 5, 1931.

*V. Polanco de Jesús* for petitioner. *James R. Beverley, Attorney General,* and *A. Ortiz Toro, First Assistant Attorney General,* for the Industrial Commission, intervener.

ON MOTION FOR RECONSIDERATION

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

An elaborate petition for reconsideration has been presented in this case. We are in full accord with most of what is said therein with reference to the meaning of the statute involved and as to the independent and interdependent functions of the Industrial Commission, the office of the Superintendent of Insurance, and the Workmen's Compensation Bureau of the Treasury Department; but we can not agree that it is the province of the Superintendent to decide himself matters which should properly be determined by the Industrial Commission itself in reconsidering its decisions, or by the courts in reviewing an award of the Commission.

It may be that the Superintendent is right in his contention that the instant case is not a proper one for granting, as the Industrial Commission did, the compensation sought, but the fact is that the Commission took action, weighed the evidence, and rendered a decision. The law provides the proper remedies for correcting any error that might be com-

mitted by the Commission, and the Superintendent should have obeyed and followed the law.

Of course, a judgment rendered without jurisdiction is a mere nullity, but in the instant case the Commission had jurisdiction to act. If by reason of an erroneous weighing of the evidence or a mistaken interpretation of the statute, it regarded as proper an improper case for compensation, the question is one to be considered and determined in the manner stated.

Mindful of the exceptional character of this case, and as new laws and institutions are involved, we rendered our former decision in the form in which it appears, that is, by allowing a broader investigation in the event the Treasurer resists performance under the alternative writ directed to be issued. All this, of course, subject to the general doctrine already laid down, to wit, that the functions of the Superintendent under the law, do not include the power to review a decision of the Industrial Commission for the purpose of setting it aside in case such a decision, in his judgment, has not been rendered in accordance with the facts and the law.